## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Kenneth Steven Daywitt, Merel Evans Bishop, and Bet Elohim Congregation, | Case No. 17-cv-5015 (DWF/LIB) |
| Plaintiffs, | |
| v. | **REPORT AND RECOMMENDATION** |
| Chad Mesojedec, et al., | |
| Defendants. | |

This matter comes before the undersigned United States Magistrate Judge upon routine supervision of the cases that pend before the Court pursuant to a general assignment made in accordance with the provision of 28 U.S.C. § 636, and upon Plaintiffs' Applications to Proceeds in forma pauperis. [Docket Nos. 2, 3].

Plaintiffs' Complaint alleges violations of Plaintiffs' religious rights, Plaintiffs' right to equal protection, and the Religious Land Use Institutionalized Persons Act. (Compl. [Docket No. 1]). The Complaint generally concerns how certain government officials overseeing the Minnesota Sex Offender Program (hereinafter "MSOP") have handled requests made by certain individuals civilly committed to the MSOP who profess to adhere to Orthodox Judaism. (See, Id. at 3, 6–11). Plaintiffs contend that officials' handling of these requests has led to various legal violations, including violations of the United States Constitution, the Minnesota Constitution, and the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. §§ 2000cc to 2000cc-5 (RLUIPA). (See, Compl., [Docket No. 1], at 12–14).

The Court first addresses Plaintiff "Bet Elohim Congregation."[1] The Complaint describes the Bet Elohim Congregation as "the body of believers in which members of the Jewish community at MSOP-Moose Lake belong to." (Compl., [Docket No. 1], at 3). Any claims by Plaintiff Bet Elohim Congregation in this litigation, as well as, Plaintiff Bet Elohim Congregation, must be dismissed. Plaintiffs are not represented here by an attorney—Daywitt and Bishop are representing themselves pro se, and do not purport to be lawyers—and it is well established that "pro se litigants may not represent the interests of other parties in federal litigation." Prattville v. Warden of Fed. Prison Camp, No. 17-cv-5209 (MJD/TNL), 2018 WL 6182593, at *3 (D. Minn. Aug. 31, 2018) (citing statute and cases), report and recommendation adopted, 2018 WL 6179512 (D. Minn. Nov. 27, 2018). Daywitt and Bishop may be members of this congregation, but they cannot represent that separate party's interests in this matter. See, Prattville, 2018 WL 6182593, at *3. Daywitt's and Bishop's claims in this matter going forward are limited to their own individual claims against Defendants.

Therefore, the undersigned recommends that any claims by Plaintiff Bet Elohim Congregation in this action be dismissed without prejudice.

The Court next considers the propriety of the Complaint proceedings with Plaintiffs Daywitt and Bishop as co-Plaintiffs. The decision to prosecute this matter as one lawsuit with two separate plaintiffs creates needless procedural complexities that are likely to impede the expedient administration of justice. It is therefore recommended that this matter be split into two separate proceedings, one for each plaintiff. See, Acevedo v. Allsup's Convenience Stores, Inc., 600

---

[1] Because Plaintiffs Daywitt and Bishop bring this case pro se, this Court, upon its own determination, may dismiss from the case any portion of it that fails to state a claim on which relief may be granted. See, 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam); Carter v. Schafer, 273 Fed. App'x 581, 582 (8th Cir. 2008) (per curiam) ("[T]he provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service.").

F.3d 516, 521 (5th Cir. 2010) (noting that "district courts have the discretion to refuse joinder in the interest of avoiding prejudice and delay, ensuring judicial economy, or safeguarding principles of fundamental fairness," even where standard for joinder under Rule 20 of the Federal Rules of Civil Procedure is otherwise met. (citations omitted)). For several reasons, the undersigned finds this to be the best course of action "to secure the just, speedy, and inexpensive determination of" this action. See, Fed. R. Civ. P. 1.

First, both Plaintiff Daywitt and Plaintiff Bishop have applied for in forma pauperis ("IFP") status. But it appears from the financial documents provided to the Court that both Plaintiffs may not independently qualify financially for IFP status.

The IFP form submitted by Plaintiff Daywitt appears to indicate that he has averaged $5,000.00 in employment income and $12,000.00 in gift based income per month for the past twelve months. (Plf. Daywitt's IFP Application [Docket No. 2]). It is difficult to conclude, from the information available to the Court, that Daywitt would be unable to "afford the costs of proceeding without undue hardship or deprivation of the necessities of life." Ayers v. Texas Dep't of Criminal Justice, 70 F.3d 1268, 1268 (5th Cir. 1995) (per curiam).

This creates a problem not only for Daywitt, but for Bishop as well if this matter where to be permitted to proceed as one lawsuit. On the record presently before the Court, it is doubtful that Daywitt would be permitted to proceed without payment of the filing fee if he had brought this matter alone. If Daywitt cannot proceed IFP, then Bishop may not proceed IFP if they are jointly prosecuting this matter. See, Anderson v. California, No. 10-cv-2216 (MMA/AJB), 2010 WL 4316996, at *1 (S.D. Cal. Oct. 27, 2010) (noting that "if multiple plaintiffs seek to proceed *in forma pauperis*, each plaintiff must qualify for IFP status."). But it appears Bishop would qualify financially for IFP status, at least when his applications is examined separately from Daywitt's

application. Severing the plaintiffs into separate lawsuits will permit the litigants who are entitled to proceed IFP to do so.

Second, as already noted the Complaint alleges violations of Religious Rights, Equal Protection, and Religious Land Use Institutionalized Persons Act. (Compl. [Docket No. 1]). At its core, the Complaint concerns how certain government officials overseeing the Minnesota Sex Offender Program (hereinafter "MSOP") have handled requests made by certain individuals civilly committed to the MSOP who profess to adhere to Orthodox Judaism. (See, Id. at 3, 6–11). If any requests were made by one of the individual Plaintiffs, then the application of the law to that request would differ from the application of that law to a request by a separate Plaintiff. While Plaintiffs appear to argue their claims as a single unit, they are individual Plaintiffs with differing underlying facts. Put another way, while the legal claims raised by each of the Plaintiffs may be identical or similar, the facts related to each Plaintiff will be different.

In addition, concerns regarding Rule 11 warrant not allowing multiple pro se Plaintiffs to proceed together in one action. Rule 11(b) of the Federal Rules of Civil Procedures provides that:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Rule 11 also requires that pro se plaintiff all sign the complaint. <u>See</u>, Fed. R. Civ. P. 11(a).[2]

If Plaintiffs were allowed to proceed as co-Plaintiffs in one action they would both be required to sign the Complaint in this matter, as well as, future pleadings and motions. <u>See</u>, Fed. R. Civ. P. 11. In doing so, however, Plaintiffs take the risk of one or more of the claims in the Complaint being deemed sanctionable "whether or not [that claim] concerns him personally." <u>Biederman v. Corecivic</u>, No. 18-cv-126, 2018 WL 5253500, at *2 (D. Mont. Oct. 22, 2018). The suggestion created by Rule 11 that a pro se plaintiff can be sanctioned for an inaccurate factual statement made by another pro se plaintiff "is to suggest that each plaintiff acts for the others in some way." <u>Id.</u> A pro se plaintiff, such as the present Plaintiffs, however, "has no authority to make assertions on behalf of someone else; only an attorney may do that." <u>Id.</u> Such a course of action and representation is expressly prohibited. <u>Prattville v. Warden of Fed. Prison Camp</u>, No. 17-cv-5209 (MJD/TNL), 2018 WL 6182593, at *3 (D. Minn. Aug. 31, 2018) (citing statute and cases), <u>report and recommendation adopted</u>, 2018 WL 6179512 (D. Minn. Nov. 27, 2018).

Accordingly, both in order to avoid needless prejudice to the Plaintiffs and to most judiciously effectuate the present action, it is recommended that this proceeding be split into two separate lawsuits. As the first-named litigant to this proceeding, Kenneth Steven Daywitt may remain as Plaintiff in this matter, with Plaintiff Bishop being assigned to newly initiated proceeding.

---

[2] Although Plaintiffs are not held to the same standard of pleadings as an attorney would be, Plaintiffs are nevertheless bound by applicable procedural and substantive law. <u>See</u>, <u>Stone v. Harry</u>, 364 F.3d 912, 914 (8th Cir. 2004); <u>Burgs v. Sissel</u>, 745 F.2d 526, 528 (8th Cir. 1984) ("Although pro se pleadings are to be construed liberally, pro se litigants are not excused from failing to comply with substantive and procedural law."); <u>Farnsworth v. City of Kansas City, Mo.</u>, 863 F.2d 33, 34 (8th Cir. 1988) ("Pro se litigants are not excused from complying with court orders or substantive and procedural law.") (citing <u>Burgs v. Sissel</u>, 745 F.2d 526, 528 (8th Cir. 1984)).

It is further recommended that upon the separation of the present action into two distinct actions, each individual Plaintiff be required to submit a new individualized application to proceed in forma pauperis. In addition, although the Complaint filed in this matter may be used to initiate the new proceedings, upon the separation of the present action into two distinct actions each individual Plaintiffs be required to file an amended pleading that presents his individual claims specifically as they related to that individual Plaintiff.  Each pleading will then be examined separately for IFP eligibility.[3]

Therefore, based on the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT**:

1.    Any claims by Plaintiff Bet Elohim Congregation be **DISMISSED without prejudice**;

2.    Plaintiff Bet Elohim Congregation be **DISMISSED without prejudice** from this action;

3.    Plaintiff Merel Evans Bishop be **DISMISSED without prejudice** from this action;

4.    A separate new proceeding be initiated for Plaintiff Merel Evan Bishop;

5.    The Complaint, [Docket No. 1], used to initiate this action be used to initiate the separate action;

6.    Each Plaintiff file an amended pleading that presents their individual claims specifically as they related to that individual Plaintiff upon the separation of said actions;

7.    Each Plaintiff be required to submit a new individualized application to proceed in forma pauperis in their individualized action; and

---

[3] Each of the actions will also be reviewed substantively pursuant to 28 U.S.C. § 1915(e)(2)(B).

8.    A copy of any Order adopting this Report and Recommendation be filed in the present case, as well as, the new separate action.


Dated: February 5, 2019                          s/Leo I. Brisbois
                                                 Leo I. Brisbois
                                                 United States Magistrate Judge




## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. See, Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).